■ In the Matter of EDWARD S. SILVER, as District Attorney of the County of Kings, Petitioner, against JACK STERNGASS, an Attorney, Respondent.— Motion to confirm the report of the Official Referee granted; respondent suspended from the practice of the law for a period of six months. Nolan, P. J., Ughetta, Christ and Pette, JJ., concur; Beldock, J., dissents and votes to disbar the respondent on the ground that the proof shows respondent to be guilty of substantially all the acts of professional misconduct charged against him.

■ LEOPOLD LEFKOVITS, Respondent, v. ISAAC P. MOSKOVITS, Appellant.— Motion for a stay denied, without costs. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FAUST BLASETTI, Appellant.— Motion to dispense with the printing of the record on appeal denied. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ BRENGARD CONSTRUCTION CO., INC., Respondent, v. LAWRENCE MALAWISTA, INC., Appellant, et al., Defendant.— In an action based on controversies arising out of the construction of two dwellings, the corporate defendant appeals from a judgment of the Supreme Court, Westchester County, rendered March 17, 1958, in favor of plaintiff against it on the third cause of action, after a jury trial. This cause is one to recover damages allegedly sustained as a result of the said defendant's breach of a written agreement which was intended to settle the controversies by the performance of stated conditions. At the opening of the trial, plaintiff, upon the court's direction that it elect between proceeding on the first and second causes or on the third and fourth causes, elected to proceed upon the latter. The fourth cause was dismissed before the case was submitted to the jury. Judgment reversed on the law and the facts and a new trial granted, with costs to abide the event. The written agreement provides for the joint determination by the parties' respective representatives of certain costs, including those for variations and additions to the specifications. In our opinion, the plaintiff failed to establish that said representatives had jointly determined the cost of all of the items embraced in the amount of the recovery. It was also error for the trial court to receive in evidence the opinion of the plaintiff's president as to the reasonable value of extra or additional work and materials supplied, and then to charge the jury that, in accordance with such testimony, the said values must be added to the contract price. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ COUNTY OF PUTNAM, Respondent, v. CHARLES F. SCHNEIDER et al., Defendants. NASED CORPORATION, Appellant.— In a proceeding instituted under the provisions of the Highway Law, the defendant Nased Corporation appeals from so much of an order of the Supreme Court, Westchester County, dated February 5, 1960, and entered in Putnam County on February 18, 1960, as on reargument adheres to a prior determination confirming the report of three Commissioners of Appraisal awarding $510 to said defendant and others for the taking for public use of certain lands designated in the petition as Parcels XIV and XV. Order insofar as appealed from affirmed, with costs. No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.

■ SAMUEL DE BLOCK, Respondent, v. JAMES H. BURNS, Appellant.— In an action to recover on two checks signed by defendant as maker and indorsed over to plaintiff, defendant appeals from an order of the Supreme Court, Orange County, dated December 22, 1959, denying his motion to open his default in appearing for trial and to vacate the default judgment entered against him on October 22, 1959. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Christ, Pette and Brennan, JJ., concur.